1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GREGORY WAYNE QUINN,                    No.  2:14-cv-1139 DAD P

12              Plaintiff,

13        v.                                 ORDER

14   JOHN M. DOWBAK,

15              Defendant.

16

17        Plaintiff is a former state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

18   U.S.C. § 1983 and has requested leave to proceed in forma pauperis under the general provisions

19   of 28 U.S.C. § 1915(a)(1).  This proceeding was referred to this court by Local Rule 302 pursuant

20   to 28 U.S.C. § 636(b)(1).

21        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

22   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23                         **SCREENING REQUIREMENT**

24        The court must dismiss an in forma pauperis case at any time if the allegation of poverty is

25   found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a

26   claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See

27   28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law

28   or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,

1   1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based

2   on an indisputably meritless legal theory or where the factual contentions are clearly baseless.

3   Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

4   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639,

5   640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

6           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

7   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

9   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

10  However, in order to survive dismissal for failure to state a claim a complaint must contain more

11  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

12  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

13  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

14  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

15  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

16  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17          The Civil Rights Act under which this action was filed provides as follows:

18          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
19          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
20          law, suit in equity, or other proper proceeding for redress.

21  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

22  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

23  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

24  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

25  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

26  omits to perform an act which he is legally required to do that causes the deprivation of which

27  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

28  /////

2

1    Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

2    their employees under a theory of respondeat superior and, therefore, when a named defendant

3    holds a supervisorial position, the causal link between him and the claimed constitutional

4    violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

5    Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

6    concerning the involvement of official personnel in civil rights violations are not sufficient.  See

7    Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8                                  **PLAINTIFF'S COMPLAINT**

9    In his complaint, plaintiff has identified Dr. John M. Dowbak as the defendant in this

10   action.  Therein plaintiff alleges as follows.  On September 9, 2013, plaintiff was shot in the hand

11   at Mule Creek State Prison with a 40 mm launcher block gun, which broke his middle finger upon

12   impact.  The following day, prison officials sent plaintiff to San Joaquin General Hospital for

13   medical care.  Defendant Dr. Dowbak performed surgery on plaintiff's finger at the hospital, but

14   according to plaintiff, the defendant did not place the two necessary pins in his finger correctly,

15   causing plaintiff continued pain and suffering for months.  Upon plaintiff's transfer to California

16   State Prison, Corcoran, a Dr. Jackson concluded that plaintiff's surgery was incomplete and

17   referred him to see a Dr. Smith.  On December 20, 2013, Dr. Smith saw plaintiff and

18   recommended a second surgery so that plaintiff's finger could heal properly.  On January 14,

19   2014, Dr. Smith performed the second surgery.  (Compl. at 1-4.)

20                                       **DISCUSSION**

21   The allegations of plaintiff's complaint are so vague and conclusory that the court is

22   unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

23   complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

24   Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

25   the defendants and must allege facts that support the elements of the claim plainly and succinctly.

26   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

27   with at least some degree of particularity overt acts which defendants engaged in that support his

28   claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

1  8(a)(2), the complaint must be dismissed.  However, the court will grant plaintiff leave to file an

2  amended complaint.

3      If plaintiff chooses to file an amended complaint, plaintiff must allege facts demonstrating

4  how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or

5  statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In addition, plaintiff must

6  allege in specific terms how each named defendant was involved in the deprivation of plaintiff's

7  rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

8  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

9  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

10  743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights

11  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

12     If plaintiff wishes to proceed in this action on a claim that he received constitutionally

13  inadequate medical care from defendant Dr. Dowbak, he is advised that the United States

14  Supreme Court has held that inadequate medical care does not constitute cruel and unusual

15  punishment cognizable under §  1983 unless the mistreatment rose to the level of "deliberate

16  indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In general,

17  deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere

18  with medical treatment, or may be shown by the way in which prison officials provide medical

19  care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).  In applying the

20  deliberate indifference standard, the Ninth Circuit has held that before it can be said that a

21  prisoner's civil rights have been abridged, "the indifference to his medical needs must be

22  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

23  cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429

24  U.S. at 105-06).

25     In his original complaint, plaintiff has not set forth factual allegations that, if established,

26  would prove that defendant Dr. Dowbak was deliberately indifferent to his serious medical needs

27  in violation of the Eighth Amendment.  At most, plaintiff has alleged that defendant Dr. Dowbak

28  was negligent or committed medical malpractice when he performed surgery on plaintiff's finger.

Negligence and medical malpractice claims, however, are state law claims. The court observes that plaintiff has submitted his complaint on a Superior Court of California complaint form. He also addresses this court as the Superior Court of California. Plaintiff is advised that he filed his complaint with the United States District Court for the Eastern District of California, which is a federal court. If plaintiff wishes to proceed on a negligence or medical malpractice claim, he may move to voluntarily dismiss this case and re-file his complaint in state court. If, on the other hand, plaintiff wishes to proceed on an Eighth Amendment claim in federal court, he must file an amended complaint with allegations that specify how defendant Dr. Dowbak's actions rose to the level of "deliberate indifference."[1]

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 6) is granted.

2. Plaintiff's complaint is dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in dismissal of this action without prejudice.

---

[1] If plaintiff elects to proceed with a constitutional claim before this court, he may include in that complaint his causes of action under state law and see this court's exercise of its supplemental jurisdiction over those state law claims pursuant to 28 U.S.C. § 1367.

1    Alternatively, plaintiff may move to voluntarily dismiss this action.

2         4.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil

3    rights action.

4    Dated:  July 18, 2014

5

6                                                _____
                                                 DALE A. DROZD
7    DAD:9                                       UNITED STATES MAGISTRATE JUDGE
     quin1139.14a
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28